IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

CHRISTOPHER MILLER,
ADC #109083                                                                                                PLAINTIFF

V.                             CASE NO. 3:19-CV-260-KGB-BD

SUSAN DUFFEL                                                                                                DEFENDANT

## RECOMMENDED DISPOSITION

**I.     Procedure for Filing Objections:**

This Recommendation for dismissal has been sent to Judge Kristine G. Baker. Any party may file objections if they disagree with the findings or conclusions set out in the Recommendation. Objections should be specific and should include the factual or legal basis for the objection.

To be considered, objections must be received in the office of the Court Clerk within 14 days. If no objections are filed, Judge Baker can adopt this Recommendation without independently reviewing the record. By not objecting, parties may waive any right to appeal questions of fact.

**II.    Background:**

Christopher Miller, formerly an inmate at the Poinsett County Detention Center (Detention Center), filed this civil rights lawsuit without the help of a lawyer. (Doc. Nos. 1, 5) Mr. Miller complains that Defendant Susan Duffel, a nurse at the Detention Center, was deliberately indifferent to his serious medical needs by failing to provide him treatment for hepatitis.

Defendant Duffel has moved for summary judgment on Mr. Miller's claims. (Doc. No. 25) He has not responded to the motion, and the response time has expired.

### III. Discussion:

A. Standard

In a summary judgment, the Court rules on the case without a trial. A party is entitled to summary judgment if—but only if—the evidence shows that there is no genuine dispute about any fact important to the outcome of the case. See FED. R. CIV. P. 56 and *Odom v. Kaizer*, 864 F.3d 920, 921 (8th Cir. 2017).

B. Undisputed Factual Background

In support of her motion, Defendant Duffel has attached the affidavit of Patricia Marshall, Captain at the Detention Center; Mr. Miller's grievances and medical files; and her own affidavit. (Doc. Nos. 26-1; 26-2)

The calendar of events is not in dispute. On August 7, 2019, Mr. Miller was booked into the Detention Center. (Doc. No. 26-1 at p.13) On August 13, he submitted a general request for assistance, noting his recent hepatitis B and C diagnoses. (Doc. No. 26-2 at p.13) On the same day, Administrative Assistant Marshall responded and instructed Mr. Miller to complete a medical request. (Doc. No. 26-2 at p.13)

On August 16, Mr. Miller submitted a medical request form seeking treatment for hepatitis B and C. (Doc. No. 26-2 at pp.15-16) On August 20, Defendant Duffel

2

responded, asking Mr. Miller to identify his prescription medication and the pharmacy that filled his medication. (Doc. No. 26-2 at p.15)

On August 21, Mr. Miller submitted a general grievance stating that he had submitted three medical request forms[1] but had not received assistance. (Doc. No. 26-2 at p.20) Ms. Marshall responded that, on August 20, Defendant Duffel had inquired about Mr. Miller's medications. (Doc. No. 26-2 at p.20)

On August 22, Mr. Miller submitted a medical request form, again explaining that he had recently been diagnosed with hepatitis B and C. (Doc. No. 26-2 at pp.21-22) He stated that he was not able to obtain his medication prior to being booked into the Detention Center; and he requested to be examined by a doctor. (Doc. No. 26-2 at p.22)

On August 23, Defendant Duffel responded that she had advised Dr. Houchin of his hepatitis diagnosis. She also noted that Mr. Miller should be scheduled for an appointment with the health department. (Doc. No. 26-2 at p.21)

On August 23, Mr. Miller submitted a general grievance complaining that he had filed five medical request forms regarding his need for hepatitis treatment. (Doc. No. 26-2 at p.28) Two days later, Jail Supervisor Ramey responded, asking Mr. Miller who had prescribed his hepatitis medication and whether medication had been called in to a pharmacy. (Doc. No. 26-2 at p.28) Mr. Miller replied that he had not picked up his prescription due to his detention. (Doc. No. 26-2 at p.28)

---

[1] Mr. Miller's medical records indicate that, as of August 23, he had only filed one other medical request form. That medical request did not reference his need for hepatitis treatment. (Doc. No. 26-2 at pp.17-18)

3

On August 27, Mr. Miller submitted a general grievance stating that he had been diagnosed with hepatitis at Two Sisters Medical Clinic. (Doc. No. 26-2 at p.29) The same day, Defendant Duffel noted that she had spoken with Dr. Houchin, and no hepatitis medication had been ordered at that time. (Doc. No. 26-2 at p.24)

On August 28, Mr. Miller submitted a medical request form complaining that he could not take Tylenol and again requesting hepatitis treatment. (Doc. No. 26-2 at pp.30-31) The next day, Defendant Duffel responded by asking Mr. Miller to complete a medical release for Two Sisters Medical Clinic. (Doc. No. 26-2 at p.30) She also noted that staff was instructed not to provide Mr. Miller Tylenol and that Dr. Houchin had not ordered hepatitis treatment for Mr. Miller. (Doc. No. 26-2 at p.25)

On August 28, Mr. Miller submitted another general request form raising the same complaints as those included in his medical request form submitted on the same date. (Doc. No. 26-2 at p.32) Mr. Ramey advised Mr. Miller to submit a medical request form. Mr. Miller replied that he had previously submitted ten medical request forms but had not received a response to the last four submissions. (Doc. No. 26-2 at p.32) Mr. Ramey reminded Mr. Miller that he had spoken to Defendant Duffel about these issues on August 27. (Doc. No. 26-2 at p.32)

On August 29, Mr. Miller completed the medical release authorization. (Doc. No. 26-2 at p.33) On August 30, Defendant Duffel confirmed that Dr. Houchin's office had received the release form. (Doc. No. 26-2 at p.25)

On September 9, Mr. Miller submitted a medical request form requesting hepatitis treatment. (Doc. No. 26-2 at p.40) Defendant Duffel responded by explaining that Dr.

4

Houchin would not provide Mr. Miller Hepatitis treatment at that time. (Doc. No. 26-2 at p.40)

On September 16, Mr. Miller submitted a medical request form complaining about weight loss and requesting to be examined by Dr. Houchin to receive vitamins or supplements. (Doc. No. 26-2 at pp.42-43) The following day, Defendant Duffel ordered a multivitamin for Mr. Miller. (Doc. No. 26-2 at p.42)

On September 20, Mr. Miller submitted a medical request form complaining that the bottoms of his feet were turning yellow and requesting to see Dr. Houchin. (Doc. No. 26-2 at pp.44-45) The next day, Defendant Duffel responded by stating: "if health department will not provide us a copy of his lab results[,] please schedule to see them so that he can obtain results." (Doc. No. 26-2 at p.44)

On September 23, Mr. Miller submitted a medical request form asking to be seen by a doctor for a liver test. (Doc. No. 26-2 at pp.46-47) On September 28, he submitted a medical request form asking for blood tests and an examination by a doctor. (Doc. No. 26-2 at pp.48-49) On October 1, Defendant Duffel responded, explaining that Mr. Miller had an appointment with the health department for testing. (Doc. No. 26-2 at p.48)

On October 1, Mr. Miller submitted a medical request that his blood be tested and for a doctor's examination. (Doc. No. 26-2 at pp.50-51) The next day, Defendant Duffel responded that she had spoken with the doctor, and Mr. Miller had an appointment scheduled with the health department. (Doc. No. 26-2 at p.50) Defendant Duffel noted that she could not provide any treatment without a doctor's order. (Doc. No 26-2 at p.26)

On October 2, Mr. Miller submitted a general grievance complaining that, despite placing multiple sick-call requests, his weight and liver count had not been checked. (Doc. No. 26-2 at p.52) On the same date, that grievance was read. (Doc. No. 26-2 at p.52)

On October 4, Mr. Miller submitted a medical request explaining that he did not need to be examined at the health department; but rather, he needed hepatitis treatment. (Doc. No. 26-2 at pp.53-54) Defendant Duffel responded that she had spoken with Dr. Houchin, and Mr. Miller would receive hepatitis treatment upon release. She also noted that his color was normal, his "sclera was white with no yellow noted," and he had denied swelling in his legs and feet. (Doc. No. 26-2 at p.26)

On October 7, Mr. Miller submitted a general request asking Ms. Marshall to speak with a nurse on his behalf. (Doc. No. 26-2 at p.55) The same day, Ms. Marshall responded that Defendant Duffel was not on duty that day; and she offered to speak with Defendant Duffel when she could. (Doc. No. 26-2 at p.55)

On October 8, Mr. Miller submitted a general grievance alleging that non-medically trained officers were distributing medication. (Doc. No. 26-2 at p.56) Detention Center staff responded that his grievance would be forwarded to the appropriate party. (Doc. No. 26-2 at p.56)

Between October 14 and December 4, Mr. Miller submitted several other medical request forms unrelated to his need for hepatitis treatment. (Doc. No. 26-2 at pp.57-58; 60-61; 63-64; 66-67) Nurse Duffel promptly responded to each of those requests. (Doc. No. 26-2 at pp.57, 60, 63, 66) Mr. Miller also submitted multiple general grievances

6

unrelated to his need for hepatitis treatment. (Doc. No. 26-2 at pp59, 62, 65, 68, 69) Ms. Marshall promptly responded to each of those grievances. (Doc. No. 26-2 at pp59, 62, 65, 68, 69)

Mr. Miller filed his original complaint in this lawsuit on September 23, 2019, and his amended complaint on October 9. (Doc. Nos. 2, 5) Accordingly, any claims arising after those dates are not part of this lawsuit.

On December 5, Mr. Miller was released from the Detention Center. (Doc. No. 26-1 at p.16)

In her declaration, Defendant Duffel testifies that: "[w]hen an inmate requests prescription medication, I confirm the prescription with the providing pharmacy and secure the prescription for the inmate." (Doc. No. 26-2 at p.2) She continues to explain that: "[i]f no prescription exists, I cannot provide that medication unless the inmate sees Dr. Houchin and receives a prescription." (Doc. No. 26-2 at p.2)

2. Deliberate Indifference

A public official's "deliberate indifference to a prisoner's serious illness or injury" violates the Eighth Amendment ban on cruel punishment. *Estelle v. Gamble*, 429 U.S. 97, 105 (1976). Conduct rises to the level of deliberate indifference when "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837. Negligence, even gross negligence, is insufficient to establish liability. *Fourte v. Faulkner County*, 746 F.3d 384, 387 (8th Cir. 2014) (quoting *Jolly v. Knudsen*, 205

F.3d 1094, 1096 (8th Cir. 2000)). Moreover, mere disagreement with treatment decisions is not a basis to hold defendants liable. *Langford v. Norris*, 614 F.3d 445, 460 (8th Cir. 2010).

Here, Mr. Miller's medical records show that Defendant Duffel consistently and promptly responded to his medical requests during his incarceration at the Detention Center. Although he did not receive the treatment he requested, his disagreement with treatment decisions cannot support his deliberate-indifference claims. Most importantly, Defendant Duffel lacked the authority to order hepatitis treatment for Mr. Miller. Only a physician could have provided the requested treatment.

Mr. Miller has not come forward with any evidence to contradict Defendant Duffel's evidence that she consistently responded to Mr. Miller's requests and performed her duties as a nurse at the Detention Center. Based on the undisputed evidence in this record, there is insufficient evidence to support Mr. Miller's claims that Defendant Duffel violated his right to adequate medical treatment. She is entitled to judgment as a matter of law.

**IV.    Conclusion:**

The Court recommends that Defendant Duffel's motion for summary judgment (Doc. No. 25) be GRANTED. Mr. Miller's claims against Defendant Duffel should be DISMISSED, with prejudice.

DATED, this 12th day of June, 2020.

_____
UNITED STATES MAGISTRATE JUDGE